**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| **Guilande Alexandre, et al.,** <br> **Plaintiffs,** <br> **v.** <br> **ASI Assurance Corp.,** <br> **Defendant.** | **Civil Action No. 24-12479-NMG** |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiffs, Guilande Alexandre and Murat Joseph (collectively, "plaintiffs"), allege that defendant, ASI Assurance Corp. ("defendant" or "ASI"), breached an insurance contract and acted in bad faith by refusing to provide coverage for water damage to plaintiffs' residence caused by a leaky shower. Plaintiffs now move for a judgment on the pleadings. For the reasons set forth herein, the motion will be denied.

## I. Background

Plaintiffs are a married couple who reside in Plymouth, Massachusetts. Defendant is a Florida-based insurance company. Some time prior to 2023, plaintiffs contracted with defendant for a homeowners' coverage insurance policy that would insure plaintiffs' residence from July, 2023, through July, 2024.

The parties' agreement contained, in relevant part, a provision under which defendant would not be obligated to

provide coverage for damage to plaintiffs' residence if the damage was caused by

> seepage or leakage of water, [including water] from within a plumbing . . . system, [that had occurred] over a period of 14 or more days.

The policy also excluded coverage for any damage caused by groundwater or resulting from "inadequate or defective . . . maintenance" of the property.

In December, 2023, plaintiffs discovered a puddle of water that had formed in the basement of their residence. They hired a plumber who discerned that the source of the leak was a cracked shower pan inside a bathroom in the basement of their residence. The plumber reported that plaintiffs' basement had "flooded pretty quickly," with the shower dumping about "five gallons every two minutes." After discovering the source of the leak, plaintiffs contacted a flood damage mitigation company, First Restoration Response, to repair the water damage.

Later in December, plaintiffs submitted a claim to ASI estimating that the repair costs of the water damage would exceed $107,000. ASI responded by assigning American Leak Detection to inspect plaintiffs' residence. In its inspection report, American Leak Detection confirmed that the water came from a shower pan leak in the finished basement bathroom and that the base of the pan was "severely cracked." American Leak Detection concluded, however, that the water damage constituted

a "long term event" which had been occurring for longer than 14 days.

Based upon the conclusions of American Leak Detection, as well as photographs from First Restoration Response that allegedly depict signs of long-term water damage and possible groundwater seepage, ASI denied coverage. In a series of two denial letters, defendant cited the insurance policy exclusion of coverage for water damage that lasted longer than 14 days, for groundwater damage and for damage caused by faulty maintenance to justify its denial of coverage for plaintiffs' loss.

In August, 2024, plaintiffs filed suit against defendant, in the Massachusetts Superior Court, asserting three claims against defendant: 1) breach of contract, 2) breach of the implied covenant of good faith and fair dealing and 3) violation of the Massachusetts Consumer Protection Act, M.G.L. c. 93A. Defendant subsequently removed the case to this Court and filed an answer in which it denies plaintiffs' substantive allegations and raises multiple affirmative defenses. Plaintiffs now move for judgment on the pleadings as to all three of their claims.

## II. Legal Standard

Pursuant to Fed. R. Civ. P. 12(c), a motion for judgment on the pleadings is governed by the same legal standard as a motion to dismiss for failure to state a claim under Fed. R. Civ. P.

12(b)(6), except that the Court considers the pleadings as a whole rather than just the plaintiff's complaint. Aponte-Torres v. Univ. of Puerto Rico, 445 F.3d 50, 54-55 (1st Cir. 2006). Judgment on the pleadings will be granted only if there is no genuine dispute of material fact and thus the plaintiff is entitled to judgment as a matter of law. C.A. Acquisition Newco, LLC v. DHL Exp. (USA), Inc., 696 F.3d 109, 113 (1st Cir. 2012).

In considering the merits of such a motion, the Court must accept the non-moving party's well-pleaded facts as true and draw all reasonable inferences in the non-movant's favor. Great Lakes Ins. SE v. Andersson 66 F.4th 20, 24 (1st Cir. 2023) (citing Rezende v. Ocwen Loan Servicing, LLC, 869 F.3d 40, 42 (1st Cir. 2017)). The Court may also consider documents provided alongside the parties' pleadings if 1) the parties do not dispute their authenticity, 2) they are "central to the . . . claim[s]" or 3) they are "sufficiently referred to in the complaint." Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).

## III. Analysis

### A. Breach of Contract (Count I)

Plaintiffs first contend that judgment on the pleadings is warranted in their favor as to the claim for breach of contract because the reasons defendant relied upon to deny insurance

coverage, namely the exclusion for water damage lasting longer than 14 days, are unsupported by the facts the parties allege.

To prove a breach of contract claim under Massachusetts law, the plaintiff must demonstrate that 1) "a valid, binding contract existed," 2) "the defendant breached the terms of th[at] contract" and 3) "the plaintiffs sustained damages as a result." Vieira v. First Am. Title Ins. Co., 668 F. Supp. 2d 282, 288 (D. Mass. 2009) (citing Brooks v. AIG SunAmerica Life Assur. Co., 480 F.3d 579, 586 (1st Cir. 2007)). In cases of an alleged breach of an insurance contract, the initial burden of establishing that coverage is warranted falls on the insured. Highlands Ins. Co. v. Aerovox Inc., 676 N.E.2d 801, 804 (Mass. 1997). Once that burden is met, the burden of proving the applicability of exclusions shifts to the insurer. Nascimento v. Preferred Mut. Ins. Co., 513 F.3d 273, 277 (1st Cir. 2008).

In this case, defendant does not contest that a contract exists and that plaintiffs sustained costly water damage to their residence resulting from the cracked shower pan. The parties dispute, however, whether defendant breached the terms of that contract by denying coverage, most notably by relying on the 14-day exclusion for long term damage caused by water. According to defendant, whose ultimate burden it is to establish that an exclusion applies, see Highlands Ins. Co., 676 N.E.2d at 804, the findings of American Leak Detection are that the water

damage was a long-term event of "more than 2 weeks" to which coverage does not apply. Plaintiff responds that because American Leak Detection admits it is "not [an] expert[] in [the] duration" of water damage, defendant has not met its burden of establishing that the 14-day exclusion applies.

The parties' disagreement with respect to the 14-day exclusion and whether it applies in this case, which is relevant to all three of plaintiffs' claims, is precisely the kind of factual dispute that cannot be resolved at the pleading stage. Although disputes over the meaning of contractual terms are questions of law for the Court to resolve, see U.S. Liab. Ins. Co. v. Benchmark Constr. Servs., Inc., 797 F.3d 116, 119 (1st Cir. 2015), the applicability of a contractual term to the facts of a particular case, including whether an insurance policy exclusion applies, is a question of fact for jury consideration. Noonan v. Wonderland Greyhound Park Realty LLC, 723 F. Supp. 2d 298, 340 (D. Mass. 2010); see Mulhern v. Philadelphia Indem. Ins. Co., 802 F. Supp. 2d 317, 323 (D. Mass. 2011).

That is no less true in this case. Although plaintiffs are correct that American Leak Detection's lack of expertise in the duration of water damage may impair its determination that the damage here occurred during "more than 2 weeks," it is for the trier of fact, not the Court at this stage, to weigh the facts and resolve the parties' conflicting assertions of credibility.

See Wagenmann v. Adams, 829 F.2d 196, 200 (1st Cir. 1987) (explaining that, when ruling on dispositive motions, courts cannot evaluate issues of credibility, resolve conflicting facts or otherwise "weigh the evidence").

Defendant's contested assertion that the 14-day exclusion for water damage could absolve it of the need to provide coverage offers, instead, a genuine dispute of fact that entitles it to proceed to discovery. See Mulhern, 802 F. Supp. 2d at 323 (declining to resolve a factual dispute as to whether an insurance policy exclusion applies because that determination is "an issue of fact for the jury to resolve."); accord Hawley v. Preferred Mut. Ins. Co., 36 N.E.3d 1284, 1290 (Mass. App. Ct. 2015) (affirming conclusion that water damage caused by a bathtub was a long-term event where the court rendered its decision at a bench trial). Accordingly, plaintiffs are not entitled to judgment on the pleadings with respect to their breach of contract claim.

**B. Breach of Good Faith (Count II)**

Plaintiffs further assert that judgment in their favor is warranted on the breach of the covenant of good faith and fair dealing claim because defendant, by relying on the 14-day exclusion, unfairly and willfully denied them coverage.

Under Massachusetts law, a covenant of good faith and fair dealing is implied in every contract. Shaulis v. Nordstrom,

Inc., 120 F. Supp. 3d 40, 54 (D. Mass. 2015) (citing Uno Rests. v. Boston Kenmore Realty Corp., 805 N.E.2d 957, 964 (Mass. 2004)). That covenant implies that, during the course of performance, neither party will do anything to harm the right of the other to receive the fruits of the agreement, including the ability of an insured to collect what is owed. Anthony's Pier Four, Inc. v. HBC Assocs., 583 N.E.2d 806, 820 (Mass. 1991); Radius Marketing Group, Inc. v. Continental Ins. Co., No. 24-cv-10106-FDS, 2024 WL 3552725, at *9 (D. Mass. July 26, 2024).

According to plaintiffs, the same facts that amount to a breach of contract, defendant's reliance in the denial letter on exclusions that are purportedly inapplicable, also amount to an act of bad faith. Even if defendant were in breach of the parties' agreement by denying coverage based upon an exclusion, however, a breach of contract does not, in itself, constitute a corresponding breach of good faith. See Christensen v. Kingston Sch. Comm., 360 F. Supp. 2d 212, 226 (D. Mass. 2005). The mere fact that an insurer contests coverage, even if the insurer's position ultimately proves to be incorrect, is "not sufficient" to prove that the insurer acted in bad faith. NextSun Energy Littleton, LLC v. Acadia Ins. Co., 494 F. Supp. 3d 1, 21 (D. Mass. 2020) (citations omitted).

More broadly, a determination as to what constitutes good faith is "ordinarily a question of fact to be determined by the

jury, Wilder v. Toyota Fin. Servs. Americas Corp., 764 F. Supp. 2d 249, 259 (D. Mass. 2011), and this case is not the exception. Plaintiffs' claim for breach of good faith is inexorably tied to their breach of contract claim and, because they have not sufficiently established that defendant's position with respect to the exclusions fails as a matter of law, they likewise cannot establish as a matter of law that relying on those exclusions was an act of bad faith. Cf. Radius Marketing Group, Inc., 2024 WL 3552725, at *9 (permitting a good faith claim against an insurer to proceed to discovery but not entering judgment on it at the pleading stage). Thus, their allegation of bad faith cannot be resolved on the pleadings.

**C. Violation of Chapter 93A (Count III)**

Plaintiffs finally assert that they are entitled to judgment on the pleadings with respect to their claim for violation of the Massachusetts Consumer Protection Act, M.G.L. c. 93A, because defendant compelled plaintiffs to litigate their claim despite the inapplicability of the subject exclusion and its wrongful refusal to settle.

Under Chapter 93A, persons engaged in trade or commerce are entitled to a private right of action if they are harmed by the unfair or deceptive business practices. M.G.L. c. 93A, §11. Those practices include instances in which an insurance company willfully and wrongly denies coverage, thereby forcing an

insured to litigate his claim in court. M.G.L. c. 176D §3(9)(g). If "legitimate differences of opinion" exist between the parties as to whether there is coverage, however, Chapter 93A does not obligate an insurer to settle. Bobick v. U.S. Fid. & Guar. Co., 790 N.E.2d 653, 658-59 (Mass. 2003). The protections of that provision apply only if liability is "reasonably clear." Martorana v. Progressive Direct Ins. Co., No. 22-CV-10613-DJC, 2023 WL 2465639, at *6 (D. Mass. Mar. 10, 2023) (citing Guity v. Com. Ins. Co., 631 N.E.2d 75, 77 (Mass. App. Ct. 1994)).

In this case, judgment on the Chapter 93A claim is unwarranted at this stage because defendant's obligation to provide coverage for the water damage is not "reasonably clear." Id. As explained above, the parties' material dispute with respect to the duration of the water damage cannot be resolved as matter of law and, while the applicability of a policy exclusion remains in dispute, it is not reasonably clear that defendant is liable. For so long as that is the case, Chapters 93A and 176D do not require defendant to settle claims. See Pac. Indem. Co. v. Lampro, 12 N.E.3d 1037, 1044 (Mass. App. Ct. 2014) (declining to hold defendant liable under Chapter 176D where the issue of liability was not clear and "require[d] further investigation"); Premier Ins. Co. of Mass. v. Furtado, 703 N.E.2d 208, 210 (Mass. 1998) (similar). Accordingly, plaintiffs' Chapter 93A claim cannot be resolved as a matter of

law at this stage and their motion for judgment on the pleadings will therefore be denied.

**ORDER**

For the foregoing reasons, the motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) of plaintiffs, Guilande Alexandre and Murat Joseph, (Docket No. 14) is **DENIED.**

**So ordered.**

Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated: August 13, 2025